IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAR INSURANCE COMPANY, | No. 2:12-cv-1195 |
| Plaintiff, | JUDGE: Terrance McVerry |
| v. | |
| REGINELLA CONSTRUCTION COMPANY LTD, REGINELLA CONSTRUCTION COMPANY, INC., individually and t/d/b/a REGINELLA CONSTRUCTION COMPANY, JOSEPH REGINELLA, and DONNA REGINELLA | |
| Defendants. | |

**AMENDED COMPLAINT**

Plaintiff, Star Insurance Company ("Plaintiff"), by and through the undersigned attorneys, files the within Complaint and in support thereof states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is a Michigan corporation with a principal place of business located in Michigan. Plaintiff is authorized and licensed to engage in the surety bond business in the State of Pennsylvania.

2. Upon information and belief, Defendant Reginella Construction Company Ltd. ("RCCL") is a Pennsylvania corporation with its principal place of business located at 4700 McKnight Road, Pittsburgh, Allegheny County, Pennsylvania 15237. Upon information and belief, RCCL is a general contractor engaged in construction within the Commonwealth of Pennsylvania, including a number of public works projects.

3. Upon information and belief, Defendant Joseph A. Reginella is a Pennsylvania citizen and resides at 606 Golden Oaks Lane, Pittsburgh, Pennsylvania 15237.

4. Upon information and belief, Defendant Donna M. Reginella is a Pennsylvania citizen and resides at 606 Golden Oaks Lane, Pittsburgh, Pennsylvania 15237.

5. Upon information and belief, Defendant Reginella Construction Company, Inc. is a Pennsylvania corporation, which has a registered office address of 834 Greenfield Avenue, Pittsburgh, Pennsylvania as filed with the Commonwealth of Pennsylvania, Secretary of State, Department of Corporations, but lists its officers, Joseph A. Reginella and Thomas Reginella, as having addresses at 4700 McKnight Road, Pittsburgh, Allegheny County, Pennsylvania 15237 and it is believed that Reginella Construction Company, Inc. does not have any presence at this time at 834 Greenfield Avenue, Pittsburgh, Pennsylvania.

6. Upon information and belief, Defendant Reginella Construction Company, Inc. operates in its own name and is the owner of a fictitious name of Reginella Construction Company and at times trades and does business as Reginella Construction Company.

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).  The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement.

8. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 as Defendants reside in this District.

**FACTS COMMON TO ALL COUNTS**

9. On or about October 15, 2008, as consideration for Plaintiff's issuance of surety bonds on behalf of RCCL, Defendants executed a General Indemnity Agreement (the "Indemnity Agreement").  A true and accurate copy of the Indemnity Agreement is attached hereto as Exhibit A.

10. The Indemnity Agreement binds all of the Defendants, jointly and severally, to certain obligations, including cooperating with Plaintiff and reimbursing Plaintiff for all costs, expenses and attorneys' fees as a result of Plaintiff's issuance of surety bonds on behalf of RCCL and the enforcement of Plaintiff's rights under the Indemnity Agreement, and specifically states at Section II(A):

> [T]he Indemnitors further agree to exonerate, save harmless, indemnify, and keep indemnified the Surety from and against ANY AND ALL LOSS WHATSOEVER, including by not limited to all demands, claims, liabilities, damages, costs, charges, fees, expenses, suits, orders, judgments, adjudications, and any other Losses of whatever nature or kind which the Surety pays or incurs or for which the Surety becomes liable or has reason to believe it is, may be, or may become liable (whether or not the Surety shall have paid out any sums on account of such Losses), for any reason whatsoever, …

11. The Indemnity Agreement further provides at Section VI(A) that, upon the occurrence of a Jeopardy Event, Plaintiff may at its sole discretion, take any or all of the following actions, including but not limited to: (1) liquidate and apply any or all funds or collateral as may be deposited with or in the possession of the Plaintiff to the extent of Plaintiff's losses; (2) enforce its security interest; and (3) commence legal proceedings to enforce the Indemnity Agreement.

12. Under Section VI(B) of the Indemnity Agreement, a Jeopardy Event occurs upon the following or any combination thereof: (1) the occurrence of a Loss even though RCCL may dispute the alleged item of loss; (2) any breach or failure to comply with any provision of the Indemnity Agreement; (3) any breach or delay, suspension or cessation of work of any contract, (4) declaration of default or intent to default by any obligee; (5) the filing of any liens or attested account against RCCL; (6) the failure to pay any bills or other indebtedness when due and incurred in connection with the performance of any Contract; or (7) the filing of suit against any of the Indemnitors.

1011139
6525.0086

13. The Indemnity Agreement further requires at Section IV(D) that Defendants exonerate Plaintiff from liability by depositing with Plaintiff upon demand funds or other collateral as security to cover any contingent or liquidated losses faced by Plaintiff and all collateral so deposited may be liquidated and applied by Plaintiff, at its sole discretion and without notice to Losses of Plaintiff.

14. On or about April 20, 2009, at the request of Defendants, Plaintiff issued Bond No. 10SSB0451624 (the "Bond"), in the penal sum of $10,399,000.00, naming RCCL as Principal, and the School District of Pittsburgh, PA ("School District") as Obligee. The Bond covered RCCL's contract with the School District (the "Contract") for certain work on the construction project known as New Building Addition/Renovations at Concord Elementary School (the "Project") and was required by the terms of the Contract. A true and accurate copy of the Bond is attached hereto as Exhibit B.

15. In or around August 2011, Plaintiff began receiving claims against the Bond from certain subcontractors and material suppliers who performed work and/or furnished materials for the Contract alleging that RCCL had failed to make payments due to said claimants (hereinafter "Payment Claims"). To date, Plaintiff has received Payment Claims in excess of amounts due under the Contact in excess of $365,000.

16. Plaintiff also received performance claims from the School District alleging that RCCL failed to perform in accordance with the terms of the Contract alleging damages in excess of $333,000 (hereinafter "Performance Claims") [Payment Claims and Performance Claims are collectively referred to herein as the "Claims"].

17.     The Performance Claim includes claims by another prime contractor, Right Electric, Inc. ("Right") on the Project for delay damages allegedly caused by RCCL which claims are the subject of litigation filed by Right.

18.     On information and belief, RCCL was paid contract proceeds under the Contract as compensation for work performed by some third-party labor and material suppliers, which funds RCCL failed to pay to said labor and material suppliers.

19.     Instead, on information and belief, RCCL converted said funds for use on other projects or for general expenses of RCCL.

20.     Consequently, on or around September 8, 2011, Plaintiff directed the School District to make all further payments of Contract proceeds to Plaintiff in order for the Plaintiff to assure the funds were used for payment of Contract costs, including, but not limited to, payment of Claims.

21.     RCCL was notified of the Claims and demand was made to deposit cash collateral to offset Plaintiff's exposure for the Claims and expense liability as required by the Indemnity Agreement.  RCCL failed and refused to do so.

22.     As a result of RCCL's failures set forth above, Plaintiff has incurred, and will continue to incur, Losses (as that term is defined in the Indemnity Agreement) for which Defendants are jointly and severally liable under the Indemnity Agreement.

23.     In addition, pursuant to its rights under the Indemnity Agreement, Plaintiff requested and continues to request specific documentation, information and Project records necessary to perform its investigation of the Claims, including, but not limited to, documentation supporting various defenses raised by RCCL to certain of the Claims.  Defendants have failed to provide adequate documentation, information and Project records.

1011139
6525.0086

24. The failure of Defendants to cooperate with Plaintiff is a breach of the Indemnity Agreement.

25. The failure to pay labor and material suppliers amounts due from Contract Proceeds is a breach of the Indemnity Agreement and constitutes conversion.

26. Plaintiff has notified Defendants of their obligations under the Indemnity Agreement and has demanded that Defendants post collateral and indemnify Plaintiff for, and hold Plaintiff harmless from, all losses, costs and expenses incurred as a result of the issuance of the surety bonds on behalf of RCCL.

27. Despite such demands, Defendants have failed and refused to indemnify and hold harmless Plaintiff, and to post collateral as required by the terms of the Indemnity Agreement. Under the terms of the Indemnity Agreement, Defendants' failure to provide collateral security is a default of the Indemnity Agreement.

28. By reason of the foregoing, Defendants are in default as defined under the Indemnity Agreement.

29. To the extent that the School District entered into the Contract with Defendant Reginella Construction Company, Inc. and/or Reginella Construction Company, Inc. t/d/b/a Reginella Construction Company and Reginella Construction Company, Inc. individually and/or t/d/b/a Reginella Construction Company operated under the Contract with the School District, then it is an appropriate entity identified in the General Indemnity Agreement and Performance Bond at issue, and it is asserted that all claims set forth below are equally applicable to Defendant Reginella Construction Company, Inc., individually and t/d/b/a Reginella Construction Company.

30. For the allegations below, RCCL and Reginella Construction Company, Inc. individually and t/d/b/a Reginella Construction Company will be identified as the "Corporate Defendants."

## COUNT I
### (Contractual Exoneration and Indemnification)

31. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 30 of its Complaint.

32. Pursuant to the terms of the Indemnity Agreement, Plaintiff is entitled to indemnification from Defendants for all Losses incurred by Plaintiff on the Bond and for money spent on enforcement of both its rights and Defendants' obligations, together with interest thereon at the statutory rate.

33. Plaintiff has demanded that Defendants indemnify it from and against any and all Losses which Plaintiff has incurred or will incur in the future.

34. Defendants have failed and refused to comply with Plaintiff's demands for indemnification in breach of the Indemnity Agreement.

35. By reason of Defendants breach of the Indemnity Agreement, Plaintiff has sustained damages and is likely to sustain additional damages in an amount to be proven at trial but in excess of $650,000.00, exclusive of interest and costs.

## COUNT II
### (Implied-In-Law Exoneration and Indemnification)

36. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 35 of its Complaint as if fully set forth herein.

37. Plaintiff is entitled, as a matter of law, to indemnification from the Corporate Defendants in an amount in excess of $650,000.00, exclusive of interest and costs, plus such

amount(s) necessary to cover any and all additional Losses which Plaintiff has incurred or is expected to incur in the future as a result of Plaintiff's issuance of the Bond, together with interest thereon at the statutory rate.

## COUNT III
## Conversion

38. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 37 of the Complaint.

39. The Corporate Defendants have wrongfully exercised control or dominion or otherwise converted the identifiable tangible property of Plaintiff for its own use and benefit, in denial of the property rights of Plaintiff and as otherwise inconsistent with Plaintiff's rights.

40. Specifically, upon information and belief, the Corporate Defendants used funds received from the School District, which were due to labor and material subcontractors on the Project, for non-Project obligations of the Corporate Defendants.

41. Such conversion was willfully and maliciously performed in bad faith and without legal justification, privilege, or reasonable excuse.

42. As a direct and proximate result of such wrongful conduct, Plaintiff has suffered damages in excess of $75,000, exclusive of interest, punitive damages, attorney's fees, and costs.

## COUNT IV
## (Breach of Contract)

43. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 42 of its Complaint.

44. Defendants have breached the terms of the Indemnity Agreement by, among other things, failing to cooperate in providing information to Plaintiff and by Defendants' failure to indemnify and exonerate Plaintiff and by misuse of proceeds earned under the Contract.

45. By reason of Defendants' breaches of the Indemnity Agreement, Plaintiff has sustained damages and is likely to sustain additional damages in an amount to be proven at trial but in excess of $650,000.00, exclusive of interest and costs.

## COUNT V
### (Declaratory Judgment)

46. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 45 of its Complaint.

47. Plaintiff is entitled to a declaratory judgment that Defendants must indemnify and exonerate Plaintiff from and against any and all Losses which Plaintiff has incurred or may incur in the future as a result of its issuance of the Bond or enforcement of its rights or the Defendants' obligations under the Indemnity Agreement.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) All compensatory damages in an amount in excess of $650,000.00, as shall be specifically proven at trial, including expenses;

(b) Any and all additional Losses and expenses incurred by Plaintiff as a result of its issuance of the Bond and/or enforcement of its rights and Defendants' obligations under the Indemnity Agreement;

(c) Punitive damages;

(d) A declaratory judgment that Defendants must jointly and severally exonerate and indemnify Plaintiff from and against any and all Losses which Plaintiff has incurred or may incur in the future as a result of its issuance of the Bond or enforcement of its rights or Defendants' obligations under the Indemnity Agreement;

(e) Pre- and Post-Judgment interest;

(f) Costs;

(g) Attorney fees; and

(h) Such other and further relief that this Court deems just and proper.

    ZIMMER KUNZ, P.L.L.C.

    <u>/s/ Jeffrey A. Ramaley, Esquire</u>
    JEFFREY A. RAMALEY, ESQUIRE
    PA. I.D.#: 41559
    600 Grant Street, Suite 3300
    Pittsburgh, PA 15219
    ramaley@zklaw.com
    (412) 281-8000

1011139
6525.0086