IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 12-cv-01195 |
| v. | ) | |
| | ) | |
| REGINELLA CONSTRUCTION COMPANY, | ) | |
| LTD, REGINELLA CONSTRUCTION | ) | |
| COMPANY, INC., individually and t/b/d/a | ) | |
| JOSEPH REGINELLA and | ) | |
| DONNA REGINELLA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for disposition is the MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6) AND, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(e), with brief in support, filed by Defendants (ECF Nos. 11 and 12), the MEMORANDUM OF LAW AND RESPONSE IN OPPOSITION filed by Plaintiff (ECF Nos. 11 and 12), and the REPLY BRIEF filed by Defendant (ECF No. 18). The Motion is now fully briefed and ripe for disposition.

**Factual and Procedural Background**

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party.

By way of background, the claims asserted in this lawsuit arise out of a dispute between Plaintiff, Star Insurance Company ("Star"), a company that issues surety bonds, and Defendants Reginella Construction Company, Ltd ("Reginella Ltd"), Reginella Construction Company, Inc. ("RCC"), and Joseph and Donna Reginella (the "Reginellas"). Three contracts are at issue, to

1

wit:  (i) a General Indemnity Agreement executed on October 15, 2008; (ii) a Performance Bond executed in April of 2009; and (iii) a Payment Bond executed in April of 2009.

On October 15, 2008, Reginella Ltd and the Reginellas executed a General Indemnity Agreement ("Indemnity Agreement") with Star.  The Indemnity Agreement was signed on behalf of Reginella Ltd by Joseph A. Reginella, President.  Pursuant to the Indemnity Agreement, Reginella Ltd, as the "Principal" of the Indemnity Agreement, and the Reginellas, as Individual Indemnitors to the Indemnity Agreement, agreed to indemnify Star to the extent that Star received any claims against any bonds that it issued on behalf of Reginella Ltd.  Notably,  only Defendants Reginella Ltd and the Reginellas are parties to the Indemnity Agreement; RCC is not a party to the Indemnity Agreement.

The duty to indemnify by Reginella Ltd and the Reginellas was limited to the following:

> The Indemnitors agree that the duty hereunder to indemnify the Surety  . . . (1) <u>applies to each and every bond Issued or procured for or requested by the Principal</u> (or any indemnitor acting on behalf of the Principal), whether contracting alone or as a joint venture of any kind, including any and all Bonds Issued or procured, or requested prior to the execution of this Agreement.

Indemnity Agreement at ¶ II (B)(1) (emphasis added).

On February 25, 2009, RCC, as contractor, and the Board of Public Education of the School District of Pittsburgh ("School District") entered into a written contract for construction / renovation at Concord Elementary School.  The contract was signed on behalf of RCC by Joseph A. Reginella.  RCC was to begin the work on or before June 1, 2009 and complete all of the work by June 30, 2011.  Neither Reginella Ltd nor the Reginellas are mentioned in the contract nor are they signatories to the contract.

Two months later, on April 20, 2009, Star issued a written Performance Bond and a written Payment Bond (the "Bonds") to RCC for the Concord Elementary School project.  The

Bonds identify RCC as the "Principal" / "Contractor" and the School District as the Obligee. Notably, only Defendant RCC is a party to the Bonds; neither Reginella Ltd nor the Reginellas are parties to the Bonds as "Principal," "Contractor," or otherwise. The Bonds specifically incorporate the Contract between RCC and the School District. ("WHEREAS, the Contractor has by written agreement dated February 25, 2009, entered in a contract with the School District for New Building Addition / Renovations at Concord Elementary School which contract is incorporated herein by reference thereto and is hereinafter referred to as the Contract.")

Plaintiffs initiated this lawsuit on August 20, 2012, by the filing of a five-count Complaint in this Court. Named as Defendants were Reginella Construction, Joseph A. Reginella, and Donna M. Reginella. On November 13, 2012, Plaintiff filed an Amended Complaint in which it added Reginella Ltd as a Defendant. The five-count Amended Complaint sets forth the following claims: Count I - Contractual Exoneration and Indemnification against all Defendants; Count II - Implied-in-Law Exoneration and Indemnification against only the Corporate Defendants; Count III - Conversion against only the Corporate Defendants; Count IV - Breach of Contract against all Defendants; and Count V - Declaratory Judgment against all Defendants.

Defendants have filed the instant motion in which they request the following:

(i) to dismiss the claims brought against Reginella Ltd and the Reginellas in Counts I and IV as Star is unable to show that it is attempting to enforce any bond that is covered by the scope of the Indemnity Agreement;

(ii) to dismiss the claims brought against RCC in Counts I and IV, which attempt to enforce the Indemnity Agreement because RCC is not a party to the Indemnity Agreement;

3

  (iii) to dismiss Counts II because Star cannot set forth a *prima facie* case for common law indemnification;

  (iv) to dismiss Count III because Plaintiff's claim does not meet the requirements of a *prima facie* case for conversion; and

  (v) to dismiss Count V to the extent that it seeks a declaratory judgment of the Indemnity Agreement; or in the alternative, to dismiss Count V against all Defendants because Plaintiff does not meet the requirements of a *prima facie* case for common law indemnification.

  Plaintiff responds that the Contract and the Bonds are consistent with the Indemnity Agreement and are fully enforceable against all Defendants in this matter. Star alleges that it has received payment claims against the Bonds in excess of $365,000.00 and performance claims in the amount of $333,000.00.

  The Court now turns to the pending Motion to Dismiss And, In The Alternative, Motion for More Definite Statement filed by Defendants.

### Standard of Review

  A motion to dismiss pursuant Rule 12(b)(6) challenges the legal sufficiently of the complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal,* emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss.  556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555).  Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit instructs that a district court must make a three-step approach when presented with a motion to dismiss for failure to state a claim.  *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675).  First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Third, '"where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements."  James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal,* 556 U.S. at 678-79;

5

*Twombly*; 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21).  The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint as to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met.  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  The United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,*515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553).  Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)).  While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-45).  Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New*

*York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim which are attached to a defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Under this standard, the Indemnity Agreement and the Performance and Payment Bonds, which were attached to the Amended Complaint, and the Contract with the School District, the Business Entity Filing Histories, court documents, and excerpts from the RCC website, which were attached to Star's Response in Opposition to the Motion to Dismiss, may be considered by the Court without converting the motion to dismiss into a motion for summary judgment. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196-97.

However, also attached to Plaintiff's Response were a number of documents which are not matters of public record, are not referenced in the Amended Complaint, and are not essential to Plaintiff's claim. Accordingly, the Court will not take into consideration the following documents:

Exhibit C - the balance sheet of RCC and Reginella Ltd as of December 31, 2008;

Exhibit G - General Agreement of Indemnity between Travelers Casualty and Surety Company of America and Reginella Ltd;

Exhibit H - Maintenance Bond between Travelers Casualty and Surety Company of America and Reginella Ltd;

Exhibit I - Contract between Reginella Ltd and A.E.R. Construction, Inc.;

Exhibit J - Contract between Reginella Ltd and Kishmo Inc.;

Exhibit K - Contract between Reginella Ltd and Sample Development Corporation;

Exhibit L - Contract between Reginella Ltd and Curtis Equipment, Inc.;

Exhibit O - correspondence of October 7, 2011, from Joseph A. Reginella to Offit Kurman, Attorneys at Law;

Exhibit P - correspondence of September 8, 2011, from Joseph A. Reginella to Goehring Rutter & Boehm;

Exhibit Q - correspondence of September 13, 2011, from Joseph A. Reginella to Contract Operations Planning LLC;

Exhibit S - correspondence of September 20, 2011, from Gregory M. Miracle, President - Senior Claims Adjuster, to Joseph A. Reginella;

Exhibit T - correspondence of July 16, 2012, from James A Keating, Esquire, Bond Claims Counsel, to Joseph A. Reginella; and

Exhibit U - Huntington Insurance Contractor Questionnaire.

**Discussion**

A.   <u>Count I - Contractual Exoneration and Indemnification; Count IV - Breach of Contract; Count V - Declaratory Judgment</u>

In Count I and IV of the Amended Complaint, Star alleges that it is "entitled to indemnification from Defendants for all Losses incurred by Plaintiff on the Bond and for money spent on enforcement of both its rights and Defendants' obligations, together with interest thereon at the statutory rate." Amended Complaint at ¶ 32.   Star further contends that "Defendants have breached the terms of the Indemnity Agreement by, among other things, failing to cooperate in providing information to Plaintiff and by Defendants' failure to indemnify and exonerate Plaintiff and by misuse of proceeds earned under the Contract." *Id*. at ¶ 44. Further, Star contends that "[b]y reason of Defendants breach of the Indemnity Agreement,

Plaintiff has sustained damages in excess of $650,000.00, exclusive of interest and costs." *Id.* at ¶ ¶ 35, 45.

In Count V of the Amended Complaint, Plaintiff states that it "is entitled to a declaratory judgment that Defendants must indemnify and exonerate Plaintiff from and against any and all Losses which Plaintiff has incurred or may incur in the future as a result of its issuance of the Bond or enforcement of its rights or the Defendants' obligations under the Indemnity Agreement." *Id*. at ¶ 47.

As noted *supra*, the Indemnity Agreement was executed by only Reginella Ltd, as the Principal, and the Reginellas, as Individual Indemnitors. The word "Surety" is defined as "any surety company or companies issuing Bond(s) in favor of the principal, including but not limited to Star Insurance Company, . . . ." Indemnity Agreement, at ¶ IX (A).

Significant to the instant dispute, the Indemnity Agreement specifically provides that the Indemnitors agree that the duty to indemnify the Surety:

> Applies to each and every <u>Bond Issued or procured for or requested by the Principal</u> (or any Indemnitor acting on behalf of the Principal), whether contracting alone or as joint venture of any kind, including any and all Bonds issued or procured, or requested prior to the execution of this Agreement . . . .

*Id*. at II (B)(1) (emphasis added).

The Bonds that Star issued for the Concord Elementary School project name only RCC as the Principal.

The gist of Star's lawsuit is that Reginella Ltd, RCC, and the Reginellas must jointly indemnify it for payment and performance claims that Star alleges it has received against the Bonds, beginning in August of 2011.

In Counts I, IV, and V of the Amended Complaint, Star seeks to enforce against all Defendants the Indemnity Agreement and to force all Defendants to indemnify it for the payment

and performance claims which have been made under the Bonds. Star argues that although the Bonds were signed by "Reginella Construction Company," RCC was intended to mean Reginella Ltd, as RCC is a fictious name used by both RCC and Reginella Ltd.   However, as the Contract specifically states RCC is a "corporation." It is not disputed that Reginella Ltd is a limited partnership.  Therefore, the Court finds and rules that there appears to be no ambiguity regarding the named party to the Contract.

Further, it is undisputed that neither Reginella Ltd nor the Reginellas were parties to the Bonds.  The Bonds at issue here were executed by Star and RCC.  Based on that fact alone, Star would have no right to contractual indemnification against either Reginella Ltd or the Reginellas. *See Gould, Inc. v. Continental Cas. Co*, 585 A.2d 16, 18 (Pa. Super. Ct. 1991) (citing *Matter of Estate of Varilla,* 535 A.2d 125 (Pa. 1987)) ("A contract cannot legally bind a person or entity which is not a party to the contract.").

Plaintiff also argues that Reginella Ltd and RCC are responsible for the obligations of each other because the two entities are under "common control," and that Reginella Ltd's "registered office address / principal place of business are listed on both the Contract and the Bonds."  It appears that Star is attempting to proceed under a theory commonly referred to as the "enterprise entity theory" or the "single entity theory." *See Miners, Inc. v. Alpine Equipment Corp.,* 722 A.2d 691, 695 (Pa. Super. Ct. 1998).  However, this theory is yet to be adopted in Pennsylvania. *Id.* at 695; *Advanced Telephone Systems, Inc. v. Com-Net Professional*, 846 A.2d 1264, n. 9 (Pa. Super. Ct. 2004).[1]

---

[1] Under the single entity theory of piercing the corporate veil, two or more corporations are treated as one because of identity of ownership, unified administrative control, similar or supplementary business functions, involuntary creditors, and insolvency of the corporation against which the claim lies.  This is quite distinct from the alter ego theory of piercing the corporate veil.  The alter ego theory is applicable only where the individual or corporate owner

For all these reasons, the Court finds and rules as follows:

(1)     Because RCC is not identified in the Indemnity Agreement it should be dismissed from Counts I and IV of the Complaint, which attempt to enforce the Indemnity Agreement against it.  Further, RCC should be dismissed from Count V of the Complaint to the extent that Count V requests declaratory judgment based on the Indemnity Agreement.

(2)     Likewise, Reginella Ltd and the Reginellas should be dismissed from Counts I and IV as they have no obligation to indemnify Star for the claims against the Bonds as the Indemnity Agreement only applies to bonds issued to Reginella Ltd.   Further, Reginella Ltd and the Reginellas should be dismissed from Count V of the Complaint to the extent that Count V requests declaratory judgment based on the Indemnity Agreement.

B.     Count II - Implied-In-Law Exoneration and Indemnification

In Count II of the Amended Complaint, Star asserts a claim against the "Corporate Defendants"[2] for "implied-in-law exoneration and indemnification"  for all losses which Star has incurred or is expected to incur in the future as a result of Star's issuance of the Bonds to RCC. Amended Complaint, at ¶ 37.

Pennsylvania courts have expressly held that indemnification "is a common law equitable remedy . . . [that] is available *only* in the following circumstances:  (1)  where primary versus

---

controls the corporation to be pierced and the controlling owner is to be held liable. *Kaplan v. First Options of Chicago, Inc*., 19 F.3d 1503 (3d Cir. 1994).  Notably, Plaintiff does not allege that the entities share a parent / subsidiary relationship which would allow Plaintiff to attempt to pierce the corporate veil.

[2]  In its Amended Complaint, Plaintiff refers to Reginella Ltd and RCC  as the "Corporate Defendants."  *See* Amended Complaint, at ¶ 30.  Although the Court recognizes that Reginella Ltd is a limited partnership and RRC is the only corporate defendant, it will accede to referring to Reginella Ltd and RCC as the "Corporate Defendants" for the purpose of this Opinion.

secondary or vicarious liability is present or . . . (2) where there is an express contract to indemnify." *City of Wilkes-Barre v. Kaminski Bros., Inc.,* 804 A.2d 89, 92 (Pa. Commw. Ct. 2002). Thus, the Court's only inquiry is whether either of these two situations are implicated in this litigation.

From the record, there appears to be no express contract to indemnify any losses incurred as a result of the Bonds issued by Star in this case. Further, Star has not pled, and no facts reasonably permit the inference, that there is a relationship between Star and RCC and/or Star and Reginella Ltd which would support a finding of secondary or vicarious liability. *See, e.g., Nat'l R.R. Passenger Corp. v. URS Corp.*, 528 F. Supp.2d 525, 532 (E.D. Pa. Nov. 23, 2007) (holding that secondary liability exists "where there is a relation of employer and employee, or principle and agent"). Accordingly, because the Court finds that Star has failed to plead facts which fall within the two exclusive avenues to an indemnification claim, Count II of the Amended Complaint will be dismissed.

C.   <u>Count III - Conversion</u>

In Count III of the Amended Complaint, Star alleges that "[t]he Corporate Defendants used funds received from the School District, which were due to labor and material subcontractors on the Project, for the non-Project obligations of the Corporate Defendants." Amended Complaint at ¶ 40.

Conversion is defined under Pennsylvania law as "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 659 n.3 (Pa. Super. 2000). "Money may be the subject of conversion." *Id.* The rights

to this money, however, must have belonged originally to the plaintiff rather than acquired through a contract. *See McKeeman v. Corestates Bank*, 751 A.2d at 659; *Shonberger v. Oswell*, 530 A.2d 112, 113 (Pa. Super. 1987).

Such is not the case here, where the rights of Star were acquired through a contract. Federal cases, applying Pennsylvania law, are persuasive for the proposition that conversion claims are disallowed where such claims are based on the same facts as the contract claim and the proper remedy lies in breach of contract. *Phoenix Four Granto Trust # 1 v. 642 North Broad Street Assocs.*, 2000 WL 876728, *9 (E.D. Pa. Jun. 29, 2000) (counterclaim plaintiffs have claim for breach of contract where rights to excess rents were created by contract rather than claim for conversion); *Mountbatten Surety Co., Inc. v. AFNY. Inc.*, 2000 WL 375259, at *6-7 (E.D. Pa. Apr. 11, 2000) (no conversion claim where rights to the issued bonds were governed by enforceable contract); *Peoples Mortgage Co., Inc. v. Federal Nat'l Mortgage Ass'n*, 856 F. Supp. 910, 928-929 (E.D. Pa. 1994) (any rights to servicing income are defined by letter agreement and plaintiff cannot sue in tort for conversion of that income).

Accordingly, the Court finds that under Pennsylvania law, Count III should be dismissed as it does not meet the requirements of a *prima facie* case for conversion.

D.    <u>Leave to Amend</u>

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. In non-civil rights cases, however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d. 247, 252-53 (3d Cir. 2007). Under

13

the circumstances of this matter, the Court will not grant Plaintiff leave to amend as it would be futile.

## Conclusion

After viewing the facts in the light most favorable to Plaintiff, the Court concludes that Defendants' Motion to Dismiss must be granted and Plaintiff's Complaint dismissed with prejudice in its entirety.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAR INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | 2: 12-cv-01195 |
| v. ) | |
| ) | |
| REGINELLA CONSTRUCTION COMPANY, ) | |
| LTD, REGINELLA CONSTRUCTION ) | |
| COMPANY, INC., individually and t/b/d/a ) | |
| JOSEPH REGINELLA and ) | |
| DONNA REGINELLA, ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

**AND NOW**, this 18th day of April, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION TO DISMISS filed by Defendants is **GRANTED** and Plaintiff's Complaint is dismissed with prejudice in its entirety. The Clerk of Court is **DIRECTED** to docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Paul T. DeVlieger, Esquire
      DeVlieger Hilser, P.C.
      Email: pdevlieger@dvhlaw.com

      Peter H. Kurzweg, Esquire
      Law Offices of Peter Kurzweg
      Email: pkurzweg@pittsburghlitigationfirm.com